# Exhibit F

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| Farhad Azima | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| Citibank, N.A. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Citibank, N.A.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: Sattiraju & Tharney, LLP<br>50 Millstone Rd Building 300 Suite 202<br>East Windsor, NJ 08520 | Date and Time:<br><br>04/08/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/08/2022

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Farhad Azima , who issues or requests this subpoena, are:
Kirby D. Behre, 900 16th Street NW, Washington, D.C. 20006; kbehre@milchev.com; (202) 626-5960

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 1:22-mc-00072-KPF   Document 1-9   Filed 03/09/22   Page 3 of 12

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:22-mc-00072-KPF   Document 1-9   Filed 03/09/22   Page 4 of 12

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **SCHEDULE A**

Pursuant to 28 U.S.C. § 1782, Farhad Azima, by and through undersigned counsel, requires that Citibank, N.A. ("Citibank") produce for inspection each of the documents and tangible things described below at "DOCUMENTS AND THINGS TO BE PRODUCED."

### **INSTRUCTIONS**

1. This Subpoena calls for you to undertake a diligent search and produce all documents, electronically stored information, and tangible things identified below under the heading "DOCUMENTS AND THINGS TO BE PRODUCED," that are within your possession, custody, or control, including documents, electronically stored information, and tangible things in the possession, custody, or control of your directors, officers, agents, employees, consultants, representatives, or in the possession, custody, or control of any "person" (as defined herein) whom you control, and, unless privileged, your attorneys.

2. All documents that respond, in whole or in part, to any portion of this Subpoena are to be produced in their entirety, without abbreviation or expurgation, including all attachments or other matter affixed thereto.

3. If you object to any of these document requests, then you shall state the reasons for your objections. If you object to any part of a document request, then you shall further specify the part. Similarly, if you do not object to a particular document request, but are unable to comply fully with that request, then you shall comply to the fullest extent possible and provide an explanation for your lack of full compliance.

4. When information is withheld from discovery on a claim that it is privileged, subject to protection as trial preparation materials, or otherwise privileged or protected from disclosure, the claim shall be made expressly and shall be supported by a description of the

nature of the document, communications, or things not produced that is sufficient to enable the propounding party to contest the claim of privilege, as provided in Fed. R. Civ. P. 45(e)(2)(A).

5. If no documents are responsive to a particular request, you are to state that no responsive documents exist.

6. If any document responsive to this request was, but no longer is, in your possession, state whether it is missing or lost; if it has been destroyed; if it has been transferred, voluntarily or involuntarily, to others; or if it has otherwise been disposed of. In each instance, identify the document fully, explain the circumstances, and identify the people having knowledge of such circumstances.

7. If you contend that any documents covered in these requests are not reasonably accessible or would be unduly burdensome to locate or produce, identify such documents by category and source and provide detailed information regarding the burden or cost you claim is associated with the search for or production of such documents.

8. Please produce electronically stored information in accordance with the instructions, data delivery standards, delivery formats, and Adobe PDF file production formats, and with the fields specified, in **Exhibit A ("Miller & Chevalier Standard Production Guidelines")** hereto.

9. To the extent you intend to not produce a requested document, you are directed to make and safeguard a copy of the requested information.

10. Unless otherwise indicated, these Requests refer and relate to the time period of January 1, 2015 through the present.

## DEFINITIONS

1. The term "any" shall be understood to include and encompass "all." As used herein, the singular shall always include the plural, and the present tense shall also include the past tense. The words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request all documents or things which might otherwise be construed to be outside its scope.

2. The term "communication" shall be defined and construed to the broadest extent possible and shall have the same meaning as used in Fed. R. Civ. P. 34. "Communication" shall include any oral, written, or electronic transmission of information, including without limitation any face-to-face meetings, letters, emails, text messages, social media messaging, or telephone calls, chat rooms, or group list serves.

3. The term "document" shall be defined and construed to the broadest extent possible and shall have the same meaning as used in Fed. R. Civ. P. 34.

4. The term "person" means any natural person, corporation, partnership, firm, proprietorship, limited liability company, association trust, department, organization, joint venture, governmental entity, group of persons or any other entity of whatever nature.

5. The terms "relate to" or "relating to" means consisting of, referring to, regarding, reflecting, supporting, prepared in connection with, used in preparation of, or being in any way logically or factually connected with the matter discussed.

6. The term "Mr. Amit Forlit" refers to SDC-Gadot LLC's Authorized Member Mr. Amit Forlit, listed in Gadot's 2021 Annual Report as living at 5-A Habarzel Street, Tel Aviv,

Israel 69710-02, and his attorneys, representatives and agents, affiliates, or any legal entities Mr. Amit Forlit owns or controls, whether foreign or domestic.

7.      The term "SDC-Gadot LLC" refers to a corporate entity with the address of 3200 Collins Avenue, Suite L2, Miami Beach, FL 33140.  SDC Gadot LLC is a corporate account holder with Citibank of an account with an account number "9145350977" and routing number "266086554."

8.      The term "Insight Analysis and Research LLC" refers to a corporate entity owned by Mr. Amit Forlit with the address of 13727 SW 152 Street #715, Miami, FL 33177.

**DOCUMENTS AND THINGS TO BE PRODUCED**

All documents and communications related to Mr. Amit Forlit, SDC-Gadot LLC, and/or Insight Analysis and Research LLC.  The request includes all bank statements, any records showing or communications (including SWIFT payment records) relating to transfer of money, and any other financial instrument including but not limited to checks, wire transfers, or any other method of transfer.

# Exhibit A

**General Instructions:**

Electronic files must be produced in their native format, i.e. the format in which they are ordinarily used and maintained during the normal course of business. For example, an MS Excel file must be produced as an MS Excel file rather than an image of a spreadsheet. (Note: An Adobe PDF file is not considered a native file unless the document was initially created as a PDF.)

If your production will be de-duplicated it is vital that you
1. preserve any unique metadata associated with the duplicate files, for example, custodian name, and,
2. make that unique metadata part of your production.

**Data Delivery Standards**

General requirements for ALL document productions are:
1. A cover letter should be included with each production and include the following:
    1. Case number
    2. A list of each piece of media included in the production with its unique production volume number
    3. A list of custodians, identifying the Bates range for each custodian.
    4. The time zone in which the emails were standardized during conversion.
2. Productions may be submitted via Secure File Transfer.
3. Alternatively, data can be produced on CD, DVD, thumb drive, hard drive, using the media requiring the least number of deliverables.
4. All submissions must be organized by custodian unless otherwise instructed.
5. All document family groups, i.e. email attachments, embedded files, etc., should be produced together and children files should follow parent files sequentially in the Bates numbering.
6. All load-ready collections should include only one data load file and one image pointer file.
7. All load-ready text must be produced as separate text files.
8. All load-ready collections should account for custodians in the custodian field.
9. Only alphanumeric characters and the underscore character are permitted in file names and folder names. Special characters are not permitted.
10. All productions must be produced using industry standard self-extracting encryption software.
11. All productions must be encrypted using a complex, unique password.
12. Passwords for electronic documents, files, compressed archives and encrypted media must be provided separately either via email or in a separate cover letter from the media.
13. All electronic productions should be produced free of computer viruses.

**Delivery Formats**

**I. Concordance® Imaged Productions**
All scanned paper and electronic file collections should be converted to TIFF files, Bates numbered, and include fully searchable text files.
1. Images
    a. Black and white images must be 300 DPI Group IV single-page TIFF files.
    b. Color images must be produced in JPEG format.
    c. File names cannot contain embedded spaces or special characters (including the comma).

    d. Folder names cannot contain embedded spaces or special characters (including the comma).
    e. All TIFF image files must have a unique file name, i.e. Bates number.
    f. Images must be endorsed with sequential Bates numbers in the lower right corner of each image.
    g. The number of TIFF files per folder should not exceed 1,000 files.
    h. Excel spreadsheets should have a placeholder image named by the Bates number of the file.
    i. AUTOCAD/photograph files should be produced as a single page JPEG file.

2. Concordance Image® OR Opticon Cross-Reference File

The image cross-reference file (.LOG or .OPT) links the images to the database records. It should be a comma-delimited file consisting of seven fields per line with a line in the cross-reference file for every image in the database with the following format:

    *ImageID,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,BoxBreak,PageCount*

3. Concordance®Data File

The data file (.DAT) contains all of the fielded information that will be loaded into the Concordance® database.
    a. The first line of the .DAT file must be a header row identifying the field names.
    b. The .DAT file must use the following Concordance® default delimiters:
        Comma ASCII character (020)
        Quote þ ASCII character (254)
    c. Date fields should be provided in the format: mm/dd/yyyy
    d. Date and time fields must be two separate fields.
    e. If the production includes imaged emails and attachments, the attachment range must be included to preserve the parent/child relationship between an email and its attachments.
    f. A TEXT LINK field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the BEGDOC. Do not include the text in the .DAT file.
    g. For productions with native files, a NATIVE LINK field must be included to provide the file path and name of the native file on the produced storage media. The native file must be named after the BEGDOC.
    h. BEGATT and ENDAT fields must be two separate fields.
    i. A complete list of metadata fields is available as a separate attachment.

4. Text

Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (TEXT LINK) should be included in the .DAT file. We require document level text files, named per the BEGDOC/Image Key. Extracted text files must be in a separate folder, and the number of text files per folder should not exceed 1,000 files. There should be no special characters (including commas in the folder names). For redacted documents, provide the full text for the redacted version.

5. Linked Native Files

Copies of original email and native file documents/attachments must be included for all electronic productions.

   a. Native file documents must be named per the BEGDOC number.
   b. The full path of the native file must be provided in the .DAT file for the NATIVE LINK field.
   c. The number of native files per folder should not exceed 1,000 files.

**II. Adobe PDF File Production**

With prior approval, Adobe PDF files may be produced in native file format.
1. PDF files should be produced in separate folders named by the custodian. The folders should not contain any special characters (including commas).
2. All PDFs must be unitized at the document level, i.e., each PDF must represent a discrete document.
3. All PDF files must contain embedded text that includes all discernible words within the document, not selected text or image only. This requires all layers of the PDF to be flattened first.
4. If PDF files are Bates endorsed, the PDF files must be named by the Bates range.