IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re:* Application Pursuant to 28 U.S.C. § 1782 of<br><br>FARHAD AZIMA<br>5921 Ward Parkway<br>Kansas City, Missouri 64113<br><br>     Petitioner,<br><br>  v.<br><br>CITIBANK, N.A.<br>388 Greenwich Street<br>New York, NY, 10013<br><br>     Respondent. | No. 22 mc- |

**MEMORANDUM OF LAW IN SUPPORT OF FARHAD AZIMA'S
APPLICATION FOR ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..........................................................................................................1

II. BACKGROUND ............................................................................................................2

    A. Summary of the UK Proceedings ......................................................................2

    B. Mr. Azima's Amended Counterclaim ................................................................3

    C. The Discovery Requested ...................................................................................4

III. ARGUMENT ..................................................................................................................4

    A. Mr. Azima's Application Satisfies All of the Statutory Requirements of 28 U.S.C. § 1782 ...........................................................................5

    B. The *Intel* Discretionary Factors Weigh in Favor of Granting Mr. Azima's Application ............................................................................................6

IV. CONCLUSION ...............................................................................................................9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*In re App. Blue Oil Trading Ltd.*,
   No. 3:09MC153-RJC, 2009 WL 3353293 (W.D.N.C. Oct. 15, 2009) ...................................7

*In re App. BNP Paribas Jersey Tr. Corp. Ltd.*,
   No. 18-mc-00047 (PAC), 2018 WL 895675 (S.D.N.Y. Feb. 14, 2018) ..................................8

*In re App. Euromepa S.A. v. R. Esmerian, Inc.*,
   51 F.3d 1095 (2d Cir. 1995) .................................................................................................7

*In re App. of Apple Retail UK Ltd.*,
   No. 20-mc-80109-VKD, 2020 WL 3833392 (N.D. Cal. July 8, 2020) .................................7

*In re App. Of OOO Promnefstroy*,
   No. M 19-99 (RJS), 2009 WL 3335608 (S.D.N.Y. Oct. 15, 2009) .........................................7

*In re App. of Schmitz*,
   259 F. Supp. 2d 294 (S.D.N.Y. 2003) ..................................................................................5

*In re Ex Parte Appl. of Kleimar N.V.*,
   220 F. Supp. 3d 517 (S.D.N.Y. 2016) ..................................................................................9

*In re Application for an Order Permitting Metallgesellschaft AG to
   take Discovery*, 121 F.3d 77, 79 (2d Cir. 1997) .........................................................................8

*In re Atvos Agroindustrial Investimentos S.A.*,
   481 F. Supp. 3d 166 (S.D.N.Y. 2020) ..................................................................................7

*Eurasian Natural Res. Corp. v. Simpson*,
   No. 8:19-mc-00699-PX, 2020 U.S. Dist. LEXIS 1507 (D. Md. Jan. 6, 2020) .......................7

*Intel Corp. v. Advanced Micro Devices, Inc.*,
   542 U.S. 241 (2004) ............................................................................................... *passim*

*Mees v. Buiter*,
   793 F.3d 291 (2d Cir. 2015) .................................................................................................9

*Union Fenosa Gas, S.A. v. Depository Tr. Co.*,
   No. 20 Misc. 188 (PAE), 2020 WL 2793055 (S.D.N.Y. May 29, 2020) ................................9

**Statutes**

28 U.S.C. § 1782 .......................................................................................... *passim*

**Other Authorities**

Federal Rules of Civil Procedure Rule 26 ....................................................................................9

I.    INTRODUCTION

U.S. citizen Farhad Azima currently has a pending case in the High Court of Justice of England and Wales (the "UK Court"), which seeks to hold a group of overseas defendants (the "UK Defendants") responsible for the unlawful hacking of Mr. Azima's electronic data. *See Farhad Azima -v- (1) RAKIA (2) David Neil Gerrard (3) Dechert LLP and (4) James Edward Deniston Buchanan* (Claim Number: HC-2016-002798) (the "UK Proceedings"). A recent affidavit filed before the UK courts makes clear that Respondent Citibank, N.A. ("Citibank"), a New York-based company, has material information relevant to the unlawful hacking and the cover up of that hacking by the UK Defendants in an earlier UK trial. Specifically, Mr. Azima seeks bank records from Citibank relating to transactions of certain US entities that were involved in the hacking and related cover up.

Mr. Azima respectfully appears before this honorable court to seek limited, but important discovery from Citibank, pursuant to 28 U.S.C. § 1782, in aid of the proceedings before the UK Court. That statute provides in pertinent part that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a).

As explained below, the application should be granted because it satisfies the statutory requirements for obtaining discovery under Section 1782: (i) Mr. Azima seeks discovery from a corporation (Citibank) located in this District; (ii) the discovery will be used in proceedings that are pending before a foreign tribunal—the UK Court; and (iii) Mr. Azima is a party to that UK litigation. In addition, the discretionary factors identified by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), all support the granting of the requested

discovery: (i) Citibank is not a party to the case before the UK Court; (ii) the UK Court is receptive to discovery obtained pursuant to Section 1782; (iii) Mr. Azima's application is not an attempt to circumvent the UK Court's proof-gathering requirements; and (iv) the discovery that Mr. Azima seeks is highly relevant to the matters in dispute in the underlying litigation and is narrowly tailored to avoid imposing any undue burden or intrusion.

For these reasons, set forth more fully below, Mr. Azima respectfully submits that his application for discovery pursuant to Section 1782 should be granted.

## II.    BACKGROUND

The factual background of the underlying dispute is set forth in detail in the Amended Counterclaim, attached as Exhibit A to the Declaration of Dominic Holden ("Holden Decl."). For the Court's convenience, the key allegations relevant to this petition are summarized below.

### A.    Summary of the UK Proceedings

The UK Proceedings commenced in 2016, when the Ras Al Khaimah Investment Authority ("RAKIA")[1] sued Mr. Azima in a civil action in the UK Court over a business dispute. RAKIA's claim against Mr. Azima was based on information that was obtained by the illegal hacking of Mr. Azima's computers and e-mail accounts.[2] Mr. Azima counterclaimed, alleging RAKIA and its agents were responsible for the hacking. After an initial trial, the UK court entered a judgment for RAKIA and dismissed Mr. Azima's counterclaim. However, the dismissal of Mr. Azima's hacking claim was reversed on appeal, and the claim was remanded for a new trial in which Mr. Azima was permitted to develop and submit new evidence.

---

[1] RAKIA is the investment authority of the Ras Al Khaimah ("RAK"), which is one of the seven Emirates which together constitute the United Arab Emirates.

[2] RAKIA's initial position in the UK Proceedings was that its agents came across the material obtained from the hacking innocently on the internet.

Following the remand, Mr. Azima amended his Counterclaim to add additional defendants, including RAKIA's outside counsel Dechert LLP, Dechert partner Neil Gerrard, RAKIA executive Jaime Buchanan, and Stuart Page, a private investigator.[3]  Holden Decl. ¶ 9.

Recently, the Amended Counterclaim was amended further to allege a widespread scheme by the UK Defendants to present false testimony to the UK court in the first trial to cover up their illicit methods of obtaining Mr. Azima's data.  *See* Holden Decl. ¶¶ 21–25, Ex. A.

### B.  Mr. Azima's Amended Counterclaim

As alleged in the Amended Counterclaim, RAKIA worked with Stuart Page, who in turn instructed hacker Amit Forlit, to investigate Mr. Azima and others.  Mr. Forlit prepared reports that included hacked data.  Holden Decl. ¶¶ 9–10, 15.  Later, Mr. Forlit conspired with the UK Defendants to obstruct the UK Proceedings by conspiring to present false evidence to the court regarding how RAKIA came into possession of Mr. Azima's hacked data.  Holden Decl. ¶¶ 21–22.  Mr. Page paid Mr. Forlit for his work through US bank accounts associated with Mr. Forlit's US businesses, including accounts held by SDC-Gadot LLC ("Gadot") with Citibank and accounts held by Insight Analysis and Research LLC ("Insight") with other banks.  *See* Holden Decl. ¶ 11, Ex. C (invoices from Insight and Gadot to Mr. Page seeking payment through accounts with, among others, Citibank).  Mr. Forlit's role in the investigation of Mr. Azima, preparation of reports that included hacked data, and obstruction of justice of the UK Proceedings, as well as payment for those activities, will all be relevant issues in the upcoming UK trial.

---

[3] Mr. Page has since settled with Mr. Azima.

3

### C. The Discovery Requested

As described in the allegations in the Amended Counterclaim and supporting affidavits, Mr. Forlit was a key player in the investigation of Mr. Azima and others, which included hacking, and the subsequent cover up. Mr. Forlit was paid for his work through accounts held by his front companies, Insight and Gadot. Because some of those accounts were held at Citibank, Citibank is in possession of evidence that is highly relevant to the UK proceedings. Specifically, Citibank is in possession of documents and records reflecting payments to Gadot related to the investigation of Mr. Azima and others, as reflected in invoices from Gadot. The invoices demonstrate that Mr. Forlit instructed delivery of payment through Gadot's Citibank account. Accordingly, Mr. Azima seeks this Court's assistance in obtaining compulsory process so that he can collect evidence from Citibank.

A draft subpoena detailing the documents sought by Mr. Azima is attached as Exhibit F of Dominic Holden's Declaration. In summary, Mr. Azima seeks all bank records for Mr. Forlit, Gadot and Insight between January 2015 and present.

## III. ARGUMENT

This Court has the authority to grant Mr. Azima's Section 1782 request for assistance in obtaining evidence for use in connection with the UK Proceedings. As shown below, Mr. Azima's application both meets the statutory requirements and satisfies the discretionary factors for obtaining discovery under Section 1782.

### A. Mr. Azima's Application Satisfies All of the Statutory Requirements of 28 U.S.C. § 1782

Section 1782 authorizes federal district courts to assist foreign litigants and other interested parties in gathering evidence for use in a proceeding before a foreign or international tribunal. *See Intel Corp.*, 542 U.S. at 247. The statute provides that:

> "The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." 28 U.S.C. § 1782(a).

Thus, in deciding whether it has the authority to grant a section 1782 application, the Court must determine: (1) whether the respondent resides or is found in the district; (2) whether the discovery is for use in a proceeding before a foreign or international tribunal; and (3) whether the application is made by a foreign or international tribunal or any interested person. *See In re App. of Schmitz*, 259 F. Supp. 2d 294, 296 (S.D.N.Y. 2003) (citing *In re Edelman*, 295 F.3d 171, 175–76 (2d Cir. 2002)). Mr. Azima's application satisfies all three requirements.

First, Citibank resides or is found in the Southern District of New York. According to Citibank's corporate filings, it maintains its corporate headquarters at 388 Greenwich Street, New York, NY 10013. *See* Holden Decl. ¶ 10, Ex. B.

5

Second, the discovery sought in this case will be used for the proceedings before the High Court of Justice of England and Wales. The UK Court is clearly a foreign tribunal within the meaning of section 1782. *See Intel Corp.*, 542 U.S. at 257–58.

Third, Mr. Azima is an "interested person" for purposes of Section 1782 because he is a litigant in a case being adjudicated before a foreign tribunal. *Intel Corp.*, 542 U.S. at 256 ("[n]o doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke [Section] 1782.").

Mr. Azima's application satisfies all three statutory requirements, and the Court should grant his application and permit him to issue his subpoena to Citibank.

### B. The *Intel* Discretionary Factors Weigh in Favor of Granting Mr. Azima's Application

In addition to Section 1782's statutory requirements, the Supreme Court has established discretionary factors to guide district courts when considering a Section 1782 discovery application: (1) whether the respondent is a participant in the international tribunal proceedings, (2) whether the tribunal is resistant to section 1782 discovery, (3) whether the petitioner is concealing an attempt to circumvent tribunal proof-gathering restrictions, and (4) whether the requested discovery is relevant and narrowly tailored. *See Intel Corp.*, 542 U.S. at 247. As with the statutory requirements, each of the discretionary factors weighs in favor of granting Mr. Azima's requested discovery.

First, Citibank is not a participant in the UK Proceedings. Holden Decl. ¶ 9, Ex. A. The evidence held by Citibank is therefore outside the jurisdictional reach of the UK Court. Section 1782 was enacted specifically to assist parties in litigation facing this type of situation. "A foreign tribunal has jurisdiction over those appearing before it. . . . In contrast, nonparticipants

in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent [Section] 1782(a) aid." *Intel Corp.*, 542 U.S. at 244, 264 ("the need for § 1782(a) aid [against a participant] generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad."). *Id*. The fact that Citibank is a "nonparticipant" in the foreign or international proceedings "weigh[s] in favor of granting the [requested discovery]." *Id*. at 264; *see also In re Atvos Agroindustrial Investimentos S.A.*, 481 F. Supp. 3d 166, 176 (S.D.N.Y. 2020).

Second, UK courts are not "resistant" to U.S. federal court judicial assistance. This inquiry requires courts to consider how a foreign court "might respond to § 1782 assistance from a United States court." *In re App. Of OOO Promnefstroy*, No. M 19-99 (RJS), 2009 WL 3335608, at *7 (S.D.N.Y. Oct. 15, 2009). In so doing, courts may only rely on "authoritative proof that [the] foreign tribunal would reject evidence obtained with the aid of Section 1782." *In re App. Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1104 (2d Cir. 1995).

District courts routinely grant applications pursuant to Section 1782 for matters pending in the United Kingdom. *See Eurasian Natural Res. Corp. v. Simpson*, No. 8:19-mc-00699-PX, 2020 U.S. Dist. LEXIS 1507 (D. Md. Jan. 6, 2020); *In re App. Blue Oil Trading Ltd.*, No. 3:09MC153-RJC, 2009 WL 3353293 (W.D.N.C. Oct. 15, 2009); *In re App. of Apple Retail UK Ltd.*, No. 20-mc-80109-VKD, 2020 WL 3833392 (N.D. Cal. July 8, 2020) (finding that "[i]n the absence of evidence to the contrary regarding the [UK] tribunal's receptivity to U.S. judicial assistance" the second *Intel* factor weighed in favor of granting the Section 1782 application). Indeed, there is no evidence that the discovery sought in this application would be "rejected" by the Courts of England and Wales or inadmissible in the UK Proceedings. To the contrary, the documents, materials, and information sought from Citibank concern potential evidence that

7

would be directly probative of Mr. Azima's claims of misconduct perpetrated by the counterclaim defendants. Given their relevance, Mr. Azima has good reason to believe that the requested documents and deposition testimony could, and would, be considered by the UK Court. Consequently, the second *Intel* factor weights in favor of granting Mr. Azima's application.

Third, Mr. Azima's Section 1782(a) request does not conceal an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States. *See Intel,* 542 U.S. at 265. Generally, discovery requests will not be denied on this basis where there is "nothing in the record suggests that the Application 'conceals an attempt to circumvent foreign proof-gathering.' Courts may grant § 1782 applications even where the applicant did not first seek discovery in the foreign tribunal . . . or where the information sought was not discoverable under the laws of the foreign country at issue in the foreign proceeding." *In re App. BNP Paribas Jersey Tr. Corp. Ltd.*, No. 18-mc-00047 (PAC), 2018 WL 895675 at *3 (S.D.N.Y. Feb. 14, 2018) (citing *In re Veiga*, 746 F. Supp. 2d 8, 24 (D.D.C. 2010) and *In re Application for an Order Permitting Metallgesellschaft AG to take Discovery*, 121 F.3d 77, 79 (2d Cir. 1997)).

Mr. Azima's application is a good faith attempt to seek discovery that would assist him in presenting his case at the UK Court by obtaining additional evidence regarding the hacking perpetrated by the counterclaim defendants. This application seeks only to give effect to his right to present evidence to the UK Court, and is not done in avoidance of any proof gathering restrictions in the UK proceedings. The third factor thus also weighs in favor of granting the requested discovery.

Finally, Mr. Azima's requested discovery is not "unduly intrusive or burdensome." *See Intel Corp.*, 542 U.S. at 265. The Second Circuit has instructed district courts to "assess whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure." *Union Fenosa Gas, S.A. v. Depository Tr. Co.*, No. 20 Misc. 188 (PAE), 2020 WL 2793055, at *7 (S.D.N.Y. May 29, 2020) (citing *Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015)). Under Rule 26(b)(1), discovery must be "relevant to any party's claim or defense and proportional to the needs of the case," and not excessively burdensome or expensive as compared to the likely benefit of obtaining the discovery being sought. Fed. R. Civ. P. 26(b)(1). Mr. Azima's proposed subpoena is sufficiently tailored to the issues for which production is sought.

Mr. Azima has confined his request solely to bank records related to Mr. Forlit and any entities owned by him for the limited time period that is relevant to the UK Proceeding. Such discovery is neither overly broad nor unduly burdensome in proportion to the needs of the case. Should Citibank have any legitimate concerns regarding confidentiality or scope, Mr. Azima is willing to discuss a protective order to facilitate the production of the requested discovery. *See In re Ex Parte Appl. of Kleimar N.V.*, 220 F. Supp. 3d 517, 522 (S.D.N.Y. 2016).

In sum, Mr. Azima's Section 1782 application satisfies both the relevant statutory requirements and the discretionary factors identified by the Supreme Court. Mr. Azima's application accordingly should be granted.

### IV. CONCLUSION

For the foregoing reasons, Mr. Azima respectfully requests that this Court grant his Section 1782 discovery application and enter the accompanying proposed order allowing Mr. Azima to issue the attached subpoena to Citibank.

Respectfully submitted,

Dated: March 9, 2022                    /s/ Calvin Lee
                                                  Calvin Lee
                                                  Miller & Chevalier Chartered
                                                  900 16th Street, N.W.
                                                  Washington, D.C. 20006
                                                  Telephone: (202) 626-5800
                                                  Fax: (202) 626-5801
                                                  E-mail: clee@milchev.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2022, I caused a true and correct copy of Farhad Azima's Memorandum of Law in support of his Application was sent via FedEx to the following recipient:

CITIBANK, N.A.
388 Greenwich Street
New York, NY, 10013

/s/ Calvin Lee
Calvin Lee