UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FARHAD AZIMA,

                     Petitioner,

          -v.-

CITIBANK, N.A.,

                     Respondent.

22 Misc. 72 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of Petitioner Farhad Azima's application for discovery pursuant to 28 U.S.C. § 1782. (Dkt. #3, 4). In reviewing the application, the Court has considered both Section 1782's statutory requirements and the discretionary factors set forth in *Intel Corp.* v. *Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). *See Fed. Republic of Nigeria* v. *VR Advisory Servs., Ltd.*, 27 F.4th 136, 148 (2d Cir. 2022) (explaining the factors a district court must consider when evaluating a Section 1782 application).

The Court's consideration of the fourth *Intel* factor has given it pause. "The fourth *Intel* factor instructs the Court to be alert for 'unduly intrusive or burdensome requests,' which may be rejected or trimmed." *Union Fenosa Gas, S.A.* v. *Depository Tr. Co.*, No. 20 Misc. 188 (PAE), 2020 WL 2793055, at *7 (S.D.N.Y. May 29, 2020) (quoting *Intel*, 542 U.S. at 265). Here, Petitioner seeks to issue a subpoena to Respondent for:

> All documents and communications related to Mr. Amit Forlit, SDC-Gadot LLC, and/or Insight Analysis and Research LLC. The request includes all bank statements, any records showing or communications (including SWIFT payment records) relating to transfer

>of money, and any other financial instrument including but not limited to checks, wire transfers, or any other method of transfer.

(Dkt. #4-7). The Court observes that Petitioner has not placed any substantive limits on the scope of the proposed subpoena. Petitioner has not, for instance, limited his request to records associated with transactions made with Stuart Page, who Petitioner alleges to have been responsible for transferring the relevant funds to Mr. Forlit. (Dkt. #4 at 3). Absent limitations of this kind, Petitioner's request appears to call for an expansive and unbridled universe of financial records that may include irrelevant and sensitive information.

The Court is mindful of the Second Circuit's instruction "that 'it is far preferable for a district court to reconcile whatever misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored discovery order rather than by simply denying relief outright.'" *Mees* v. *Buiter*, 793 F.3d 291, 302 (2d Cir. 2015) (quoting *Euromepa S.A.* v. *R. Esmerian, Inc.*, 51 F.3d 1095, 1101 (2d Cir. 1995)). To enable the Court to determine whether Petitioner's proposed subpoena is appropriately tailored, Petitioner is hereby ORDERED to submit a supplemental letter, not to exceed five pages, addressing why limits of the kind discussed above are not necessary and appropriate in this case on or before **April 28, 2022**. In lieu of this letter, Petitioner may choose to submit an amended and more limited proposed subpoena for the Court's consideration by the same date.

SO ORDERED.

Dated:   April 20, 2022
           New York, New York

                                                KATHERINE POLK FAILLA
                                                United States District Judge