Miller & Chevalier

Calvin Lee
Senior Associate
(202) 626 -5981
clee@milchev.com

April 28, 2022

VIA ECF

The Honorable Katherine P. Failla
United States for the District Court
for the Southern District of New York
40 Foley Square, Room 618
New York, New York 10007

  Re: **Azima v. Citibank, N.A., Case No: 22 Misc. 72 (KPF):**
     **Petitioner's Supplemental Letter In Support of Application for**
     **Order to Take Discovery Pursuant to 28 U.S.C. § 1782**

Dear Judge Failla:

  We write on behalf of Farhad Azima, the Petitioner, and respectfully file this Supplemental Letter in Support of his Application for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782.  On April 20, 2022, this Court ordered Mr. Azima to submit a supplemental letter explaining why further limits on his subpoena language are unnecessary under the fourth discretionary factor set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 265 (2004) (considering whether Section 1782 requests are "unduly intrusive or burdensome").  Mr. Azima submits his response below.

  As background, Mr. Azima has filed suit in London against numerous parties involved in hacking Mr. Azima.  A witness in those proceedings, Stuart Page, has submitted documentary evidence indicating that some of the payments for the hacking were wired through the U.S. financial system to U.S. entities created by a hacker, Amit Forlit, to receive and hold the funds for Mr. Forlit's benefit.  *See* Dkt. #4, Decl. of Dominic Holden, Ex. C.  The invoices specifically reference these U.S. bank accounts, including those referenced in Mr. Azima's application. (Dkt. #3, 4).

  The proposed subpoena seeks evidence regarding those accounts to support Mr. Azima's case in the U.K.  Mr. Azima submits that the production of account records as a whole will not be burdensome.  In fact, it would be far more burdensome to direct Citibank to review transactions and segregate for relevance, especially because the nature of the transactions is

such that their true purpose was likely concealed, making it difficult for Citibank or anyone else to determine the relevance of specific transactions without an understanding of the complex facts related to the operation of the hackers.

The proposed subpoena seeks the bank records of SDC-Gadot LLC ("Gadot"), a Florida LLC formed in 2017. Gadot was created to receive payments for hacking work performed by Gadot's owner, Amit Forlit. This is corroborated by other information gathered in the case to date, which suggests that receipt of payments for hacking is likely the sole purpose of the account. The total universe of bank transactions contained in the subpoenaed account are likely limited to those related to hacking activity.

Mr. Azima has submitted evidence in the UK that the conspirators involved in the hacking went to great lengths to hide their identities and mask payments. This suggests that the identities of the senders of funds may be obfuscated[1] and any description of the transaction (to the extent contained in the records) will be at best unhelpful and at worst designed precisely to prevent detection of the true nature of the funds, making more narrow tailoring by using search terms challenging. Mr. Forlit and others used code names, false memoranda, and passthrough transactions to disguise the hacking and related payments. As a result, it would be difficult to describe in the subpoena what the custodian of documents would need to identify responsive records.

To address the issues raised by the Court, Mr. Azima's counsel contacted Citigroup's Litigation Support Unit which is responsible for handling subpoenas and attempted to confirm that the Gadot account contained a limited number of transactions, based on counsel's understanding that Gadot was primarily if not exclusively used to receive payments related to hacking. Citibank was unable to confirm the limited nature of the transactions without an issued subpoena, but commented that the subpoena as written did not appear overly burdensome, with a suggestion that Mr. Azima clarify the date range. We would respectfully submit that the Court should so order, allowing the subpoena to be issued largely as drafted, but limiting the search to documents created in or after 2015. Evidence in the U.K. case suggests that Mr. Forlit was involved in relevant hacking activities as early as 2015. Upon issuance of the subpoena, Mr. Azima's counsel will continue working with Citibank during the production to ensure that any irrelevant and sensitive transactions are not produced.

---

[1] Mr. Page believes that other members of the hacking conspiracy, such as Mr. Gerrard, had separate channels of communication with Mr. Forlit, making it very likely that Mr. Forlit received relevant payments from conspirators other than Mr. Page. *See* Exhibit 1 to Petitioner's Motion for Leave to File Suppl. Materials, ECF No. 21-2 at ¶ 26F, *Azima v. Handjani*, (No. 21 mc-00501-PGG) (Mar. 14, 2022).

Accordingly, Mr. Azima requests the court grant his Application for Order to Take a Discovery Pursuant to 28 U.S.C. § 1782.

Sincerely,

Calvin Lee